## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| WHITNEY SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21 CV 420 MTS |
| LYDA KREWSON, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Whitney Smith for leave to proceed in this action without prepaying fees or costs. The Court has reviewed the motion and will grant it. Additionally, the Court will dismiss this action because it is frivolous and fails to state a claim upon which relief may be granted.

## **Legal Standard**

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint if, *inter alia*, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Amended Complaint

Shortly after filing the original complaint, plaintiff filed an amended complaint. As in the original complaint, she named Lyda Krewson, now the former mayor of the City of St. Louis, as the sole defendant. She avers she and Krewson are Missouri citizens. She indicates this Court has jurisdiction over this action because it is a suit against the federal government or federal officials or agencies, but she does not identify any such entity or official. Instead, she identifies St. Louis City entities and individuals, including St. Louis City Hall, the St. Louis Justice Center, and "St. Louis Data Entry Clerks." Doc. [4] at 2. She sets forth her allegations in their entirety as follows:

> 200 million I was framed and mentally abused my children were taken to foster care our idenity [*sic*] was stolen and sold. My children were abuse[d] I was forced to take mental drugs and they sold me out for controvesy [*sic*] publicity stunt.

*Id.* at 3. For her prayer for relief, she writes: "My idenity [*sic*] fraud to be cleared in my and my kids name. I was my constitutionals [*sic*] rights for us." *Id.* at 4.

2

The Court has also reviewed the original complaint, and concludes it sheds no light on the claims plaintiff intends to raise in the amended complaint. There, plaintiff alleged she was "at war with state mankind must defeat me at all [costs] Article 1 vs constitution," she and her children had been subjected to a worldwide publicity stunt, unknown persons were stealing unidentified copyrights, and celebrities were committing hate crimes. Doc. [1].

### Discussion

While plaintiff may have intended to bring this action pursuant to 42 U.S.C. § 1983, the Court is unable to discern her claims for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even *pro se* plaintiffs are required to set out their claims in a simple, concise, and direct manner, and to set forth the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. While this Court must liberally construe *pro se* filings, this Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded). Additionally, it is apparent that plaintiff's allegations are based in delusion and are "clearly baseless" as defined in *Denton. See Denton*, 504 U.S. at 33. For these reasons, the Court concludes this action is frivolous and fails to state a claim upon which relief may be granted, and will therefore dismiss it at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs, Doc. [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel Doc. [3] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of July, 2021.

                                            MATTHEW T. SCHELP
                                            UNITED STATES DISTRICT JUDGE